```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TRUSTEES OF THE NEW YORK CITY          :
DISTRICT COUNCIL OF CARPENTERS         :
PENSION FUND, et al.,                  :
                          Petitioners, :      15 Civ. 4247 (LGS)
                                       :
            -against-                  :      OPINION & ORDER
                                       :
XTREME DRYWALL & ACOUSTICS, INC.,      :
                          Respondent.  :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/15

LORNA G. SCHOFIELD, District Judge:

Petitioners[1] seek to confirm an April 3, 2015, arbitration award in their favor against Respondent Xtreme Drywall & Acoustics, Inc.  Petitioners also request a grant of attorneys' fees in connection with this proceeding.  Respondent has not appeared in this action or otherwise objected to the arbitration award, and its time to do so has passed.  For the reasons below, Petitioners' motion to confirm the award and application for attorneys' fees are granted.

I.   BACKGROUND

The underlying arbitration award arises out of a collective bargaining agreement ("CBA") between Petitioner Funds and Respondent.  Respondent was obligated under the CBA to make certain payments on behalf of all of its carpenter employees. The CBA also allowed Petitioners to audit Respondent's records to ensure that the necessary payments had been made. Under the CBA, any disputes or disagreements are subject to final and binding arbitration.

An audit under the terms of the CBA uncovered delinquencies in contributions due between October 29, 2008 and March 8, 2011, totaling $64,646.78.  Petitioners requested the

---

[1] Petitioners are trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters, et al. (the "Funds").

1

delinquent amount, and when Respondent failed to comply, commenced arbitration proceedings.

At the arbitration, Petitioners sought the delinquent fees, attorneys' fees, arbiter fees, court costs, audit costs, promotional fund fees and outstanding debit memo fees, plus interest. Respondent offered no exceptions to the audit findings, and, according to Petitioners, asserted that it was unable to pay the requested amounts.

The Arbitrator awarded Petitioners a total of $148,723.00, and 5.25% interest beginning April 3, 2015. On May 23, 2015, Petitioners timely filed a petition (the "Petition") to confirm the arbitration award and obtain attorneys' fees related to the Petition.

## II.     LEGAL STANDARD

"[T]he court's function in confirming or vacating an arbitration award is severely limited." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal quotation marks omitted, alteration in original). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected[.]" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). "[R]eview of an arbitral award by a district court is severely limited so as not unduly to frustrate the goals of arbitration --namely to settle disputes efficiently and avoid long and expensive litigation." *Tube City IMS, LLC v. Anza Capital Partners, LLC*, 25 F. Supp. 3d 486, 491 (S.D.N.Y. 2014) (internal quotation marks omitted).

An arbitration award should be confirmed as long as there is "a barely colorable justification" for the award. *D.H. Blair & Co.*, 462 F.3d at 110. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal quotation marks omitted). "In a

case involving a collective bargaining agreement, the Court evaluates whether the arbitrator acted within the scope of his authority, and an award will be confirmed as long as it draws its essence from the collective bargaining agreement." *Dolan v. Barile Mech., Inc.*, 933 F. Supp. 2d 634, 638 (S.D.N.Y. 2013) (collecting cases) (internal citations and quotation marks omitted).

### III.   DISCUSSION

#### A.  The Award

The Petition seeking confirmation is granted.

First, the arbitrator acted within the scope of his authority. The CBA explicitly authorizes the designated arbitrator to render an award which includes, as here, delinquent contributions, interest, liquidated damages, attorney's fees and costs, and any other appropriate equitable relief.

Second, the award is amply supported by the record and cannot be attributed to any bias or irrational decision making on the part of the arbitrator. The arbitrator reviewed the CBA and the Summary Report of the audit. He heard testimony from the auditor detailing the delinquent payments, the process of notifying Respondent of such delinquencies, and the accounting method used to compute the amount owed. Respondent failed to offer any exceptions to the auditor's account. Because the arbitrator's ultimate award of $148,723.00 plus interest had much more than a barely colorable justification, it is confirmed.

#### B.  Attorneys' Fees and Costs

Both the CBA and ERISA authorize reasonable attorneys' fees and costs for actions regarding delinquent funds. *See* 29 U.S.C. § 1132(g). Petitioners' application for attorneys' fees and costs for the present action in the total amount of $1,817.50 is granted. Petitioners' counsel document six hours of work on the Petition at $225 per hour, and seek reasonable costs for filing this action and for service.

## IV.     CONCLUSION

For the foregoing reasons, the Petition to confirm the arbitration award is GRANTED, and the application for attorneys' fees related to this Petition is also GRANTED.

The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $148,723.00 plus 5.25% interest beginning April 3, 2015, and an additional amount of $1,817.50 as attorneys' fees for the present Petition, not subject to the aforementioned interest rate.  The Clerk is further directed to close this case.

SO ORDERED.

Dated: July 9, 2015
       New York, New York

                                                                    _____
                                                                    **LORNA G. SCHOFIELD**
                                                                    **UNITED STATES DISTRICT JUDGE**